Bill of exception number ten has been examined carefully, it is without merit on its face, and presents no error.

The judgment is affirmed.

On Appellant's Motion for Rehearing

BEAUCHAMP, Judge.

Appellant's motion for rehearing in this cause was argued orally in which a strong insistence is made that this Court erred in not sustaining the objection to the testimony of the officers as to statements and conduct of appellant made while he was detained, and without warning. The original opinion discusses this evidence as brought before us in Bills of Exception Nos. 7 and 8 and we think the right conclusion was reached in the matter.

The argument is that the hat found as a result of the statement, and utilized as a basis for admitting the evidence, as discussed in the original opinion, does not "conduce to establish his guilt." We agree with the original opinion that the hat was secreted from the officers and, though it had nothing to do with the killing of the deceased, it has much to do with proving the presence of the accused at the place of the killing. We are cited to the cases of Owens v. State, 16 Tex.App. 448; Warren v. State, 29 Tex. 369, 370; and Pierson v. State, 145 Tex.Cr.R. 388, 168 S.W.2d 256, as authority for the contention, but we do not believe that they are in conflict with the holding in the original opinion and a lengthy discussion of them will not be necessary.

Other complaints found in the motion for rehearing have been discussed in the original opinion in a very thorough manner. A further and more lengthy discussion of the authorities on the subject would add but little, if any, to the jurisprudence of the State.

The motion for rehearing is overruled.

## FIELDS v. STATE.
### No. 24261.

Court of Criminal Appeals of Texas.
April 13, 1949.

Jasper Fields, in pro. per.

Graves, Judge.

Originally this cause was dismissed because no notice of appeal was present in the record. Upon motion, it was properly shown that such notice was promptly given, whereupon the appeal was reinstated and the cause affirmed.

The transcript contains the name of no attorney, and therefore a copy of the opinion herein was mailed direct to the appellant, who seems to have failed to call same to the attention of his attorney, such opinion being handed down on March 16, 1949. Upon the expiration of the fifteen days allowed for the filing of a motion for a rehearing, mandate herein was issued on April 1, 1949. On April 3, 1939, the clerk of this court received a motion for a rehearing which was beyond the time allowed for such filing and comes too late.

Such motion merely reiterates matters which had our careful attention in the final opinion herein and which failed to evidence any error, and we see no reason for allowing a further discussion thereof.

The request to file this motion will be refused.